UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| TRUSTEES OF THE IRONWORKERS LOCAL UNION NO. 16 PENSION PLAN, et al. | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) CASE NO. 1:07-cv-01691-AMD ) |
| TED TURNER COMPANY, INC. et al. | ) |

**REPLY TO OPPOSITION TO MOTION FOR JUDGMENT AGAINST
GARNISHEE AND OPPOSITION TO ELECTION OF EXEMPTIONS**

On April 6, 2009, the United States District Court for the District of Maryland entered judgment against the Defendants/Judgment Debtors Ted Turner Company, Inc. and Ted Turner (collectively "Judgment Debtors") in the amount of Forty Thousand Three Hundred Twenty Six Dollars and Ninety Four Cents ($40,326.94), representing the amount of the Judgment Debtors' default of the Stipulation of Settlement entered as an enforceable judgment against the Judgment Debtors in this matter.

In order to satisfy this judgment, Plaintiffs Iron Workers Local No. 5 Pension Plan, et al. (hereinafter "Local 5 Funds" or "Plaintiffs") caused a Writ of Garnishment to be issued by the Clerk of the Court on August 6, 2009, for the amount of $40,326.94 less a payment of $5,000 for a total amount owed of $35,326.94, serving the Writ on the Garnishee – Bank of America.  Garnishee was served with the Writ on August 17, 2009.  (See Docket No. 21.)

On September 2, 2009, Garnishee forwarded its Answer of Garnishee indicating that it set aside and is holding a total of $35,326.94 belonging to Defendant Ted Turner Company, Inc.  Garnishee raised no defense to the Plaintiffs' claim.  Plaintiffs have requested that the Court issue a judgment against Garnishee for the amount held.

On September 16, 2009, Judgment Debtors filed an Objection to Answer of Garnishee, Opposition to Motion for Judgment against Garnishee, and Election of Exemption. Judgment Debtors raise essentially two defenses. First, they argue that there is no proof that Garnishee Bank of America, was properly served with the Writ and that Garnishee improperly stopped checks already written on the account. Second, Judgment Debtors argue that they purport to elect an exemption pursuant to §11-504 of the Courts and Judicial Proceedings Article of the Maryland Annotated Code. As discussed below, the Local 5 Funds are entitled to the release of the full amount held by the Garnishee - $35,326.94.

## ARGUMENT

**A. The Garnishee Was Properly Served and Has Properly Held Money Covered by the Writ**

Subsequent to the filing of Judgment Debtors' Opposition, the Local 5 Funds filed the proof of service on Garnishee Bank of America demonstrating that Garnishee had been served with the Writ by certified mail on August 17, 2009.[1] Thus Judgment Debtors' claim that Garnishee was not properly served with the Writ is without merit.

As the proof of service demonstrates the Garnishee was properly served with the Writ. However, even if there was some deficiency in service, any defense of insufficiency of service of process has been waived. Ted Turner, Inc. and Ted Turner, as Judgment Debtors, may not step into the shoes of Garnishee and assert a defense to the garnishment on behalf of the Garnishee. Only Garnishee has standing to raise "insufficiency of process" under Maryland Rule 2-322(a). By filing its answer to the Writ, without raising any objection to the sufficiency of process, the Garnishee has

---

[1] Judgment Debtors' objection regarding the filing of proof of service would not affect the validity of the service itself, even if true. *See* Maryland Rule 3-126(g), stating "Failure to make proof of service does not affect the validity of the service."

2

voluntarily submitted and consented to the jurisdiction of the Court and waived any defense based on service of process.  *See LVI Environmental Services, Inc. v. Academy of IRM*, 106 Md. App. 699, 707, 666 A.2nd 899, 903 (Md. App. 1995) .

Judgment Debtor also objects that Garnishee "improperly" stopped payment on checks in the course of the Garnishee fulfilling its duty to hold the property of judgment debtor in the possession of the garnishee.  Plaintiffs have seen no evidence that payment on checks were stopped.  Moreover, if Garnishee did stop payment such actions were proper and consistent with its duty to "hold…the property of each judgment debtor *in the possession* of the garnishee at the time of the service of the writ …" Md. R 3-645.  (Emphasis added)  Garnishee has a duty to hold the assets of Judgment Debtors and take active steps to keep the assets safe.  *Catholic University v. Bragunier Masonry Contractors, Inc.*, 139 Md. App. 277, 775 A.2d 458 (Md. App. 2001) (stating that the garnishee "is bound to safely keep the assets of the debtor in his possession…"); *see also Parkville Federal Savings Bank v. Maryland National Bank*, 343 Md. 412, 419,  681 A.2d 521, 524 (Md. 1996) (observing "a writ of garnishment requires the garnishee to take positive action by holding the property until the entry of judgment in the garnishment action and explaining "if the garnishee surrenders the property after service of the writ but prior to judgment, the garnishee is liable to the judgment creditor for the value of the debtor's property released.")

The Florida Supreme Court recently examined a similar statute regarding garnishment, and concluded that "the statute imposes a duty on garnishees to issue a stop payment order on a check that has not yet been presented for payment if a garnishee has the ability to do so." *Arnold, Matheny and Eagan, P.A. v. First American Holdings, Inc.*, 982 So.2d 628, 635 (Fla. 2008).  The court looked, *inter alia*, to Black's Law Dictionary definition of "possession" as "[t]he fact of having or holding property in one's power; the *exercise of dominion* over property." *Arnold,*

*Matheny*, 982 So.2d at 633; *Black's Law Dictionary* 1201 (8th Ed. 2004) (Emphasis added.)  It then observed that the bank's "'right to stop payment' is strongly indicative of the 'possession or control' one has over funds in an account." *Id.* at 635.  Similarly, the Garnishee Bank of America in the instant case had the right and ability to stop payment on checks to Judgment Debtor, and this is strongly indicative that Garnishee retained possession of the property of the Judgment Debtor, as "possession" is understood under Md. R. 3-645.

Garnishee's actions to stop payment on the checks written on the account were therefore not only proper, but in accordance with its statutory duty to hold property of Judgment Debtor in its possession.

**B.     Judgment Debtors are Not Entitled to an Exemption**

Defendant Ted Turner Company, Inc. and Defendant Ted Turner were found jointly and severally liable for the debt owed to Plaintiffs. (Docket No. 14).  In its Answer Garnishee Bank of America advises the court that it is holding $35,326.94 in an account maintained by the corporation – Ted Turner Company, Inc.   A corporation may not invoke the protections of § 11-504 MD Code, Courts and Judicial Proceedings.  Exemptions under this article may only be made by "natural persons."  See *Schumacher & Seiler, Inc. v. Fallston Plumbing, Inc.*, 91 Md. App. 696, 704, 605 A.2d 956, 960 (Md. App. 1992) (holding "[w]e conclude, therefore, that the exemption statute must be construed as limited to natural persons.")  While both Defendants/Judgment Debtors, including the natural person Ted Turner, have filed the exemption, the account in which the assets are held by the Garnishee belong not to Mr. Turner but rather to the corporation – Ted Turner Company, Inc.  Specifically the Answer states:

> Bank of America confesses that it holds assets consisting of a checking account no. XXXXXXXX0354 in the name of **Ted Turner Company**

4

> **Inc**. from which a balance of $35,326.94 has been set aside pending further order of the United States District Court.

(Docket No. 18, emphasis added).[2]  Therefore, the assets held by the Garnishee are not his personal assets and neither Ted Turner nor the corporate entity has the right to elect an exemption against assets belonging to the corporation.

## CONCLUSION

Defendants/Judgment Debtors' objections lack merit and they are not entitled to invoke an exemption under § 11-504.  Accordingly, Plaintiffs' respectfully request that this Court enter an Order of Judgment against Garnishee, Bank of America, in the amount of $35,326.94.

Respectfully submitted,

/s/_____
Francis J. Martorana, MD Bar No. 05121
**O'DONOGHUE & O'DONOGHUE LLP**
4748 Wisconsin Avenue, N.W.
Washington, D.C.  20016
(202) 362-0041 - Telephone
(202) 237-1200 - Facsimile
fmartorana@odonoghuelaw.com

189204_1

---

[2] Even if Judgment Debtor were eligible for the $6,000 exemption, which Plaintiff disputes, if the account holds more than the garnished amount of $35,326.94, which Garnishee's Answer suggests, then the purposes of the exemption would not be served by applying the $6,000 exemption to the garnished amount rather than to the total amount in the account. *See Schumacher & Seiler, Inc.,* 91 Md. App. at 701, 605 A.2d at 958 (observing "[e]xemptions protect debtors to the extent of ensuring that they are not completely deprived of their means of support; they protect the necessities by which to earn a living.").

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing Reply to Opposition to Motion for Judgment has been filed with the Clerk of the Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following, this 23rd day of September, 2009 to:

Brian J. Jablon, Esq.
Adelberg, Rudow, Dorf & Hendler, LL
3201 Rodgers Avenue, Suite 301
Ellicott City, MD 21043

Attorney for Defendant/Judgment Debtor

And I hereby certify that I have mailed the document by U.S. Mail, postage prepaid, to the following non-filing user:

Tessa Laspia Frederick
Miles & Stockbridge P.C.
10 Light Street, 12th Floor
Baltimore, MD 21202

Attorney for Garnishee,
Bank of America, N.A.

/s/_____
Francis J. Martorana

189204_1