THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| TRUSTEES OF THE IRONWORKERS UNION NO. 16 PENSION PLAN | * | Civil No. AMD-07-1691 |
| Plaintiffs, | * | |
| v. | * | |
| TED TURNER CO., ET AL. | * | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## REPORT AND RECOMMENDATION

This Report and Recommendation addresses the Motion for Judgment Against Garnishee Bank of America, Paper No. 19, that Plaintiffs/Judgment Creditors Trustees of the Ironworkers Union No. 16 Pension Plan filed; Defendants/Judgment Debtors Ted Turner Co. and Ted Turner's Objection to Answer of Garnishee, Opposition to Motion for Judgment Against Garnishee and Election of Exemptions ("Defs.' Obj., Opp'n & Elec."), Paper No. 20; Plaintiffs/Judgment Creditors' Reply to Opposition to Motion for Judgment Against Garnishee and Opposition to Election of Exemptions, Paper No. 22; Defendants/Judgment Debtors' Response to Reply of Plaintiff and Request for Release of Property from Levy, Paper No. 23; Garnishee Bank of America's Reply or, in the Alternative, Motion to Dismiss Defendants' Objections to Answer of Garnishee and Defendants' Request for Release, Paper No. 26; Defendants/Judgment Debtors' Request for Hearing, Paper No. 24; Plaintiff Ironworkers Local 16 Funds[’] Supplemental Memorandum Addressing Issues Raised at the December 21, 2009 Hearing, Paper No. 34; Garnishee, Bank of America's Supplemental Response, Paper No. 35; Defendants' Supplemental Memorandum, Paper No. 38; and Plaintiff Ironworkers Local No. 16 Funds' Reply to Defendant Ted Turner's Supplemental Memorandum, Paper No. 39.

On September 25, 2009,[1] in accordance with 28 U.S.C. § 636 and Local Rules 301 and 302, Judge Davis referred this case to me to conduct supplemental proceedings in accordance with Md. Rule 2-633 and to prepare a Report and Recommendation with regard to these filings. Paper No. 25. A hearing was held December 21. For the reasons stated herein, it is recommended that Plaintiffs/Judgment Creditors' Motion for Judgment Against Garnishee should be DENIED; Defendants' Request for Release of Property from Levy should be GRANTED; and this case should be dismissed without prejudice for lack of jurisdiction over the *res*. Defendants/Judgment Debtors' Election of Exemptions should be DENIED as MOOT.

I. BACKGROUND

On April 7, this Court entered Judgment against Defendants Ted Turner Co. and Ted Turner, jointly and severally, for the sum of $40,326.94. Paper No. 14. On August 9, Plaintiffs caused the Clerk of the Court to issue a Writ of Garnishment to Bank of America, *ex parte*. Paper No. 17. The Writ indicated that the amount of judgment owed was "$40,326.94 less a payment of $5,000 for a total amount owed of $35,326.94"; directed Garnishee Bank of America to file a written answer; and informed Defendants that they could file a motion electing to exempt an amount up to $3,000,[2] and that they could file a motion for the release of the garnished property pursuant to Md. Rule 2-643(c). Writ 1. The Writ further provided: "Promptly after service upon the garnishee, the person making service shall mail a copy of this Writ to the judgment debtor's last known address.[] (Service of this Writ shall be made in accordance with Md. Rule 2-121.)"

---

[1] All dates herein refer to 2009, unless otherwise noted.

[2] Pursuant to Md. Code Ann., Cts. & Jud. Proc. § 11-504 (2006), a debtor may elect to exempt an amount up to $6,000.00.

*Id.* at 2. Plaintiffs filed a Declaration of Service of Process of Writ of Garnishment to Bank of America on September 17. Paper No. 21.

Defendant Ted Turner Co. had an account with Bank of America, governed by a Deposit Agreement and Disclosures, effective February 1, 2008, which provided:

> We [i.e., Bank of America] may accept and comply with any legal process that we believe to be valid and binding without any liability by us to you. We may accept and comply with the legal process whether served in person, by mail, by facsimile transmission, or by other means . . . . You direct us not to contest the legal process. . . .
>
> "Legal process" includes a writ of attachment, execution, garnishment . . . .
>
> We will hold and turn over funds or other property to the court or creditor as directed by the legal process. . . .

Rodriguez Aff. Att. 30. On August 17, Bank of America "accepted service"[3] of the Writ and "pursuant to this court's order, . . . placed a hold on the balance contained in the account for Ted Turner Company, Inc." Affidavit of Alina Rodriguez ¶¶ 3-4, Paper No. 35-1. Also, "before the midnight deadline," Bank of America returned checks written on that account that it had received on or after August 17, but not paid. *Id.* ¶ 5. On September 2, Bank of America filed an Answer of Garnishee, in which it "confesse[d] that it holds assets consisting of a checking account . . . in the name of Ted Turner Company Inc. from which a balance of $35,326.94 has been set aside pending further order of the United States District Court." Paper No. 18.

Plaintiffs moved for judgment against Bank of America on September 3. Pls.' Mot. for J. 1. On September 16, Defendants objected to Bank of America's Answer[4] and opposed

---

[3] Service of the Writ is discussed in detail, *infra*.

[4] Md. Rule 2-645(g), governing writs of garnishment, provides that "the matters set forth in the [garnishee's] answer shall be treated as established for the purpose of the garnishment proceeding unless the judgment *creditor* files a reply contesting the answer within 30 days after

Plaintiffs' Motion for Judgment Against Garnishee. Defs.' Obj., Opp'n & Elec. 1.  Defendants alleged that service of the Writ was improper because there was no proof of service.  *Id.* Further, they claimed that "Garnishee had properly debited checks written on the account," and therefore "the funds available in the account asserted to be garnished were not in the amount as represented by the Garnishee."  *Id.*  Also, Ted Turner Co. "elect[ed] to exempt the amount of Six Thousand Dollars ($6,000.00) from execution pursuant to §11-504 of the Courts and Judicial Proceedings Article of the Maryland Code Annotated."  *Id.* at 2.

On September 23, Plaintiffs replied to Defendants' opposition, insisting that service was proper because they subsequently filed proof of service, and arguing alternatively that Defendants lacked standing to challenge the sufficiency of service. Pls.' Reply 2. In addition, Plaintiffs argued that there was "no evidence that payment on checks were stopped" and that it would have been proper for Bank of America to stop payment because the Maryland Rules require that a garnishee "'hold . . . the property of each judgment debtor in the possession of the garnishee at the time of service of the writ.'" *Id.* at 3 (quoting Md. Rule 3-645).  Plaintiffs opposed Defendants' election of exemptions, asserting that Defendants were "not entitled to an exemption" because "[a] corporation may not invoke the protections" of Cts. & Jud. Proc. § 11-504. *Id.* at 4.

On September 24, Defendants asked that their property be released from the levy, alleging that "Plaintiffs failed to comply with the Maryland Rules as to certified mail" because the Writ of Garnishment was not sent via restricted delivery, and Plaintiffs did not mail a copy of the Writ to Defendants.  Defs.' Request for Release 2.  Further, they argued that the Court lacked

---

its service."  (Emphasis added.)  There is no provision in the rule for the judgment debtor to contest the answer.

4

jurisdiction over Bank of America, because Plaintiffs' alleged failure to comply with the Rules resulted in insufficient service of process. *Id.* at 3. Alternatively, they claimed that the Court lacked jurisdiction until September 2, 2009, when Bank of America filed its Answer. *Id.* at 4.

On October 28, Bank of America filed its Reply or, in the Alternative, Motion to Dismiss Defendants' Objections to Answer of Garnishee and Defendants' Request for Release. Garnishee argued that "Defendants' allegations based upon improper service of process are moot" because Bank of America's Answer mooted "[a]ny defect in Plaintiffs' method of service." Garnishee's Reply 6.[5]

Following the December 21 hearing, Plaintiffs supplemented their filings to address Defendants' claim that Garnishee Bank of America should not have stopped payment on $21,969.11 in checks that had cleared before Garnishee filed its Answer on September 2, because the Court did not yet have jurisdiction over Garnishee. Pls.' Supp. Mem. 1-2. Plaintiffs reiterate that the issue of when Garnishee's liability to Plaintiffs began, given that service of the Writ was improper, "is not properly before the Court" because Garnishee "waived any defect in service" and "Defendants have no standing to raise any service issues." *Id.* at 5; *see* Garnishee's Supp. Resp. 3 (same). Nonetheless, according to Plaintiffs, "the outstanding checks at issue could be dishonored by the Bank once it received the writ of garnishment" on August 17, 2009. Pls.' Supp. Mem. 4. Additionally, Plaintiffs argue that "all of the checks were properly 'revoked' before final payment and before the midnight deadline." *Id.* at 3. Further, Plaintiffs insist that "[m]any courts, reviewing UCC statutes similar to Maryland's, have concluded that

---

[5] Md. Rule 2-322(a) provides that a failure to raise insufficiency of service of process in a motion to dismiss filed before the filing of an answer waives the defense. Bank of America filed an answer to the writ of garnishment, but did not file a motion to dismiss challenging the service of process.

5

until a check is presented to a bank and paid, a bank *must* freeze and stop payment on a check once it receives legal process attaching the customer's accounts." *Id.* (emphasis added).

In Bank of America's Supplemental Response, Garnishee asserts that it is not "require[d] . . . to <u>wait</u> a reasonable time to hold Defendant's account or permit payment of items that it <u>does</u> have the ability to stop or terminate." Garnishee's Supp. Resp. 5. Bank of America contends that "the deposit agreement governing the account at issue also provides notice to the account holder that items may be returned pursuant to a garnishment order." *Id.* at 7.

In their Supplemental Memorandum, Defendants claim that "when service upon a garnishee is improper, the garnishee's liability to the judgment creditor does not begin until the garnishee submits itself to the Court's jurisdiction" by filing an answer, and "'garnishment liens *arise* and become perfected'" at that time, not earlier. Defs.' Supp. Mem. 2 (quoting *In re Allen*, 228 B.R. 115, 128 (Bankr. W.D. Pa. 1998)) (emphasis in Defs.' Supp. Mem.). They elaborate that "a lien acquired by a garnishment 'does **not** relate back and overreach liens acquired *prior to the filing of the garnishee's answer*.'" *Id.* (quoting *Minter Homes*, 47 S.W.2d at 1014) (emphasis in Defs.' Supp. Mem.). According to Defendants, service is not waived upon receipt of an improperly served document, but rather upon filing an answer. *Id.* Defendants point out that "the Rules specifically direct that the garnishee hold the funds in its possession 'at the time of *service*.'" *Id.* (quoting Md. Rule 2-645(c)(2)) (emphasis added). Defendant argues that "Bank of America had the obligation to pay checks received prior to September 1, 2009 amounting to $21,969.11." *Id.* at 6.

Plaintiffs contend that "[t]he fact that the Bank did not submit to the jurisdiction of the Court until September 2, 2009 does not change the fact that the Bank was served on August 17, . . . and it chose not to raise any objection to service." Pls.' Reply to Defs.' Supp. Mem. 1. In

6

Plaintiffs' view, the date of service was August 17, and it "would only have changed if the Bank successfully contested service and required the Plaintiffs to re-serve the writ of garnishment." *Id.*

II.  DISCUSSION

Garnishment, a "'form of attachment,'" is "'a means of enforcing a judgment' which 'allows a judgment creditor to recover property owned by the debtor but held by a third party, the garnishee.'" *Harbor Bank v. Hanlon Park Condo. Ass'n*, 834 A.2d 993, 995 (Md. App. 2003) (citation omitted). State procedures govern the enforcement of a writ of garnishment of property. *See* Fed. R. Civ. P. 69. Fed. R. Civ. P. 69(a)(1) provides:

> A money judgment is enforced by a writ of execution, unless the court directs otherwise. The procedure on execution—and in proceedings supplementary to and in aid of judgment or execution—must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies.

Because no federal statute applies to writs of execution, Md. Rules 2-641 – 2-649 govern. Md. Rule 2-645(c)(5) provides that a writ of garnishment shall "notify the judgment debtor of the right to contest the garnishment by filing a motion asserting a defense or objection."

Md. Rule 2-643 identifies the motions that a judgment debtor may file. It provides:

**Rule 2-643. Release of property from levy.**

> (c) *Upon motion of judgment debtor*. Upon motion of the judgment debtor, the court may release some or all of the property from a levy if it finds that (1) the judgment has been vacated, has expired, or has been satisfied, (2) the property is exempt from levy, (3) the judgment creditor has failed to comply with these rules or an order of court regarding the enforcement proceedings, (4) property sufficient in value to satisfy the judgment and enforcement costs will remain under the levy after the release, (5) the levy upon the specific property will cause undue hardship to the judgment debtor and the judgment debtor has delivered to the sheriff or made available for levy alternative property sufficient in value to satisfy the judgment and enforcement costs, or (6) the levy has existed for 120 days without sale of the property, unless the court for good cause extends the time.

> (d) *Upon election of exemption by judgment debtor.* By motion filed within 30 days after a levy, the judgment debtor may elect to exempt from execution of the judgment selected items of property or cash not exceeding in amount the cumulative value permitted by law. The motion and any response to the motion may be accompanied by a request for court review of the sheriff's appraisal made at the time of the levy. The court shall release from the levy items of cash or property selected by the debtor to the extent required by law.

And, if the judgment debtor requests a hearing, "a hearing shall be held promptly." Md. Rule 2-643(f).

Defendants opposed Plaintiffs' Motion for Judgment and moved to release property on the basis that the Court lacked jurisdiction over Bank of America because Plaintiffs failed to comply with Md. Rules 2-121 and 2-124(d).  Defs.' Resp. 2-3.

With regard to a writ of garnishment, Md. Rule 2-645 provides:

> (d) *Service*. The writ shall be served on the garnishee in the manner provided by Chapter 100 of this Title for service of process to obtain personal jurisdiction and may be served in or outside the county. Promptly after service upon the garnishee, the person making service shall mail a copy of the writ to the judgment debtor's last known address. Proof of service and mailing shall be filed as provided in Rule 2-126. . . .

Md. Rule 2-645(d) (emphasis added).  Md. Rule 2-121(a) provides: "Service of process may be made . . . by mailing to the person to be served a copy of the summons, complaint, and all other papers filed with it by certified mail requesting: "Restricted Delivery—show to whom, date, address of delivery."  Md. Rule 2-124(d) provides:

> Service is made upon an . . . incorporated association . . . by serving its resident agent, president, secretary, or treasurer.  If the . . . incorporated association . . . has no resident agent or if a good faith attempt to serve the resident agent, president, secretary, or treasurer has failed, service may be made by serving the manager, any director, vice president, assistant secretary, assistant treasurer, or other person expressly or impliedly authorized to receive a service of process.

Bank of America is an incorporated association.  Defs.' Resp. Ex. 1.  Plaintiff sent the Writ via certified mail—but not by "restricted delivery"—and the receiving signature appears to

8


be of "Hasan Or." Defs.' Resp. Ex. 3. Plaintiffs do not contend (nor does the record establish) that the recipient was Garnishee's "resident agent, president, secretary, or treasurer" or someone else "authorized to receive service of process." *See* Md. Rule 2-124(d). Moreover, Garnishee conceded that "Plaintiffs' method of service failed to comply with Maryland Rule 2-124(d)." Garnishee's Reply 5. Thus, Plaintiff did not comply with Rule 2-124(d).

In addition, as previously noted, the return receipt that Plaintiffs attached to their Declaration of Service of Process shows that Plaintiffs did not request restricted delivery. *See* Declaration of Service of Process, Ex. A, Paper No. 21-2. Further, Plaintiff did not mail Defendants a copy of the writ "[p]romptly after service upon the garnishee," Md. Rule 2-645(d); Defendants did not receive a copy of the Writ until they asked Plaintiffs' counsel for a copy. Defs.' Resp. 2-3. Thus, Plaintiff did not comply with Rules 2-121 and 2-645(d).

It is true that Md. Rule 2-322(a), like Fed. R. Civ. P. 12(h)(1), provides that a failure to raise the defense of insufficient service of process is tantamount to a waiver of that defense. Garnishee Bank of America filed its Answer to the Writ of Garnishment without raising the defense of insufficient service. Therefore that defense, as well as any assertion of lack of jurisdiction based on insufficient service, is waived, but only as it pertains to the Court's personal jurisdiction over *Garnishee*. *See* Md. Rule 2-322(a). Thus, Bank of America submitted to the Court's jurisdiction over it.

However, the fact that the Court has jurisdiction over the Garnishee is not dispositive of the issue, because the Court also must have jurisdiction over the *res*, namely the Defendant's money deposited with the Garnishee. *Feltner v. U.S. Army & Fin. Accounting Ctr.*, 643 S.W.2d 648, 649 (Mo. Ct. App. 1982) ("[M]ere jurisdiction over the person of the garnishee does not carry with it jurisdiction over the *res*."); *see Kurre v. Am. Indem. Co.*, 17 S.W.2d 685, 687 (Mo.

Ct. App. 1929) (same); 38 C.J.S. Garnishment § 146 ("Although a court may have jurisdiction of the parties in the main action, it must also acquire jurisdiction over the property or debt to be garnished, to render a judgment against it."). Thus, the more fundamental issue—not discussed by Plaintiff, Defendant, or Garnishee—is whether the Court has jurisdiction over the *res*, such that the Court may enter a valid judgment. *See Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 701 (1982) ("The validity of an order of a federal court depends upon that court's having jurisdiction over both the subject matter and the parties."); *Constantine v. Rectors & Visitors of George Mason Univ.*, 411 F.3d 474, 480 (4th Cir. 2005) (same); *CSX Transp., Inc. v. Transportation-Commc'ns Int'l Union*, 413 F. Supp. 2d 553, 565 (D. Md. 2006) (same). Simply put, while this Court clearly has jurisdiction over the parties, it also must have *in rem* jurisdiction over the *res*—Defendant's account on deposit with Garnishee.

Defendants have not consented to jurisdiction over the *res. See In re Allen*, 228 B.R. 115, 124-25 (Bankr. W.D. Pa. 1998). In *In re Allen*, 228 B.R. at 124, the court stated that the defendant could waive the defect of a "lack of in rem/quasi in rem jurisdiction over his IRA" by failing to raise it preliminarily. But, the court held that a "timely object[ion] to [plaintiff's] improper service of the writ of execution *upon Janus*," the garnishee, would have prevented plaintiff from "obtain[ing] a garnishment lien on the debtor's IRA." *Id.* at 125 (emphasis added). The bankruptcy court thereby suggested that the objection did not have to be specific to the court's jurisdiction over the *res*. Here, although Defendants did not challenge the Court's jurisdiction over the *res*, they challenged the Court's jurisdiction over Garnishee, and therefore did not waive the defense. *See id.*

Likewise, the garnishee cannot waive the statutory prerequisites to confer jurisdiction over the *res*. *Cole v. Randall Park Holding Co.*, 95 A.2d 273, 278 (Md. 1953) ("[A] garnishee

10

cannot voluntarily waive or accept service of the proceedings required by law to make a seizure of effects or property in his hands. . . . 'The garnishee by appearing and answering can not waive objections to the jurisdiction.'") (quoting 2 SHINN ON ATTACHMENT AND GARNISHMENT § 610, at 1005); *see Feltner*, 643 S.W.2d at 649 ("[J]urisdiction of the court over the *res* can neither be waived nor conferred by consent."); *Kurre*, 17 S.W.2d at 687 (same). Put another way, "'[t]he Court does not obtain jurisdiction over the debt sought to be seized without sufficient service upon the garnishee, for acceptance of service by the garnishee is not an attachment.'" *Cole*, 95 A.2d at 278 (quoting 2 SHINN ON ATTACHMENT AND GARNISHMENT § 610, at 1005-06).

Indeed, "the garnishee must stand indifferent to both the plaintiff and the defendant and . . . he can do nothing to aid either party in the suit." 2 SHINN ON ATTACHMENT AND GARNISHMENT § 610, at 1005; *see Cole*, 95 A.2d at 278 (same); *Collins-Dietz-Morris Co. v. Crist*, 65 P.2d 967, 969 (Okla. 1936) (same). The garnishee "'is a mere stakeholder, a custodian of the property attached in his hands" who "has no pecuniary interest in the matter; he has no cost to pay, and therefore none to save; his business is to let the law take its course between the litigants . . . .'" *State ex rel. Berry Asphalt Co. v. W. Surety Co.*, 266 S.W.2d 835, 837 (Ark. 1954) (citation omitted); *see Cole*, 95 A.2d at 278 (same); *Edwards v. Case*, 152 P. 880, 889 (Or. 1915) (same); *see also Whitney v. Faulkner*, 95 P.3d 270, 274 (Utah 2004) (noting that when a judgment creditor employs garnishment proceedings "to satisfy a judgment by reaching property owed to the judgment debtor by a third party," the third party is the garnishee and "is typically a neutral party to the garnishment proceedings, such as a bank, and merely holds the subject property until a court establishes whether the judgment creditor is entitled to it"). Therefore, "[t]he garnishment cannot be aided, to the detriment of [the defendant], by the voluntary act of the garnishee in answering the writ." *Marks v. Sec. State Bank*, 42 S.W.2d 480, 480 (Tex. Civ.

App. 1931); *see In re Allen*, 228 B.R. at 124 ("[T]he garnishee[] may not waive an objection to the lack of in rem/quasi in rem jurisdiction notwithstanding its ability to waive an objection to a lack of jurisdiction over itself . . . ."); *Bristol v. Brent*, 103 P. 1076, 1078 (Utah 1909) ("While the garnishee may surrender his own person to the jurisdiction of the court, he may not voluntarily surrender the property of the defendant. . . . [T]he act of the garnishee is no substitute for what the statute requires in order to make a valid attachment of a debt…."); *Hathorn v. Robinson*, 56 A. 1057, 1059 (Me. 1903) ("'Garnishment . . . can borrow no aid from the volunteered acts of the garnishee. Such acts will be regarded as void so far as they interfere with the rights of third persons.'" (quoting *Ins. Co.*, 11 S.W. at 1047). Thus, the garnishee "'has no right to accept or waive service of the proceeding'" to bring the *res* within the court's jurisdiction. *Berry Asphalt Co.*, 266 S.W.2d at 837 (citation omitted); *see Edwards*, 152 P. at 889 (same).

Thus, for the Court to obtain *in rem* jurisdiction over the *res*, the *res* must be garnished through strict compliance with the statutes or rules governing garnishment proceedings. *Kurre*, 17 S.W.2d at 687 (stating that "the pertinent statutes must be strictly complied with in order to give the court jurisdiction to proceed"); *Upjohn v. Bd. of Comm'rs of Socorro County*, 185 P. 279, 280 (N.M. 1919) (A garnishment "proceeding is wholly statutory, and compliance with the statute is essential to confer upon the court jurisdiction of the res."); *Bristol*, 103 P. at 1078 ("[A] failure to comply with the statute in making service upon the garnishee is jurisdictional, for the reason that it is only by a strict compliance with the statute in respect to service that the court acquires jurisdiction of the debt. . . . It is the mandate of the law when complied with . . . that confers jurisdiction upon the court over the res. . . . [U]nless and until the statute is complied with there is no attachment, and without an attachment there can be no jurisdiction of the res.");

*Hathorn*, 56 A. at 1059 ("'Garnishment rests wholly upon judicial process, and depends upon the due pursuit of the steps prescribed by law for its prosecution.'") (quoting *Ins. Co. v. Friedman Bros.*, 11 S.W. 1046, 1047 (Tex. 1889)); *Edler v. Hasche*, 31 N.W. 57, 59 (Wis. 1887) ("It is elementary that the proceeding of garnishment is special, in derogation of the common law, and that the statute must be strictly pursued in order to confer jurisdiction."). Notably, although the filing of an answer "can form the basis for waiver of an objection to improper service," it does not "correct[] improper service." *In re Allen*, 228 B.R. at 126.

Here, as discussed *supra*, Garnishee was improperly served, yet accepted that service, thereby submitting itself, but not the *res* sought to be attached, to the Court's jurisdiction. However, in terms of jurisdiction over the *res*, a garnishee's actions have no effect, and "if the garnishee is not legally served nothing has been attached by the process of garnishment when the attachment proceeding is void." 2 SHINN ON ATTACHMENT AND GARNISHMENT § 610, at 1005. Defendants did not waive the defect. *See In re Allen*, 228 B.R. at 124-25. While on one hand it may seem to be the ultimate exaltation of form over substance to require Plaintiffs to start anew in their efforts to garnish Defendants' bank accounts on deposit with Garnishee, particularly since Defendants ultimately were served with the Writ, this case is a cautionary tale to plaintiffs that, where acquiring *in rem* jurisdiction over the *res* to be garnished hangs in the balance, strict compliance with the rules of procedure is required. Thus, because Plaintiffs failed to comply with the rules governing garnishment proceedings (and, according to the record, as of the date of this Report and Recommendation, still have not effected proper service), and Garnishee could not consent to the Court's jurisdiction over the *res*, the Court never obtained jurisdiction over it, and therefore cannot issue a valid judgment. *See Ins. Corp. of Ireland, Ltd.*, 456 U.S. at 701; *Cole*, 95 A.2d at 279; 4A FED. PRAC. & PROC. CIV. § 1070. Accordingly, Plaintiffs' Motion for

Judgment should be DENIED, and it is recommended that the Court deny it. Further, Defendants' Request for Release of Property from Levy should be GRANTED, and it is recommended that the Court grant it. Additionally, the case should be dismissed without prejudice for lack of jurisdiction, and it is recommended that the Court enter an order of dismissal.

Defendants also elected to exempt property. Because the Court lacks jurisdiction over the *res*, this election should be DENIED AS MOOT, and it is recommended that the Court deny the election as moot.[6]

Pursuant to Fed. R. Civ. P. 72(b) and Local Rule 301.5, the parties have ten (10) days in which to file any objections to this Report and Recommendation.[7]

Dated: March 10, 2010

_____/S/_____
Paul W. Grimm
United States Magistrate Judge

lmy

---

[6] Md. Code Ann., Cts. & Jud. Proc. § 11-504(b)(5) provides for the exemption of "[c]ash or property of any kind equivalent in value to $6,000." However, the exemptions under § 11-504 are available only to natural persons. *Schumacher & Seiler, Inc. v. Fallston Plumbing, Inc.*, 605 A.2d 956, 960 (Md. App. 1992). Thus, even if the court had jurisdiction over the *res*, the exemption would not be available to Ted Turner Co., a corporation. Notably, although Defendant Ted Turner is a natural person, his property was not garnished, and he did not elect to exempt his property. *See* Writ; Defs.' Obj., Opp'n & Elec. Therefore, if the court had jurisdiction over the *res*, Defendants' Election of Exemption necessarily would be denied.

[7] The Court acknowledges with gratitude the exceptional research assistance of Jessica Rebarber, a University of Maryland School of Law student intern whose research was instrumental in locating the authority essential to resolution of the jurisdictional issue on which the outcome turns.